UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JOSE ADORNO, :
    Plaintiff, :
: 
v. : No. 20-cv-2903
:
THE GEO GROUP, INC., *et al.*, :
    Defendants. :

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                            June 26, 2020
**United States District Judge**

       Plaintiff Jose Adorno, a prisoner currently incarcerated at SCI Frackville, brings this civil action pursuant to 42 U.S.C. § 1983 based on allegations that his constitutional rights were violated due to the Defendants' negligence and with respect to the denial of medical attention. Adorno seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Adorno leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

**I.    FACTS**

       Adorno's Complaint raises claims pursuant to 42 U.S.C. § 1983 against The GEO Group, Inc. and the George W. Hill Correctional Facility ("GWHCF") in their official capacities. (ECF No. 2 at 3-4.)[1] The Complaint also asserts claims against the "Correctional Officer Working @ G.W.H.C.F., unit 7A on 8.17.19, 10:00 pm – 6:00 am" in his (or her) official and individual capacities. (*Id.* at 4.) Adorno alleges that at the time of the incident giving rise to his Complaint, he was a convicted and sentenced state prisoner confined at GWHCF. (*Id.* at 5-7.)

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

Adorno avers that on August 17, 2019 at approximately 5:00 a.m., while housed in Unit 7A, he "jumped down and tripped on [a] drawer" while attempting to use the bathroom, causing him to fall "into the deck and dislocate[] [his] shoulder." (*Id.* at 6.) Adorno had his cell mate call the guard, and the guard called a nurse, who came with a wheelchair. (*Id.*) Adorno was taken to medical, given a special needs pass for the bottom bunk, and prescribed ibuprofen for pain. (*Id.*) Adorno further asserts that after four days, he was taken to the hospital to have his shoulder relocated, and he was given an immobilizer/sling for his left arm. (*Id.*) Adorno concedes that he received medical treatment, "pain killers and bottom bunk status" and was seen by a therapist for one session and placed on the medical block for one week. (*Id.*)

Adorno contends that he has suffered a dislocated left shoulder with sharp pain, has limited range of motion in his left arm, and is unable to work. (*Id.*) Adorno seeks $1,000,000 in money damages, $5,000 for litigation costs, and $7,000 for legal representation. (*Id.*) Adorno also seeks "punitive damages" holding "GEO Group, Inc. responsible for making all these private owned facilit[ies] have safe ladders to get in and out of the top bunk, a better greviance [sic] system, better medical treatment, [and] prompt medical treatment for serious medical injuries." (*Id.*) Adorno asserts that "there is a denial of care and/or treatment for not recommending an offsite referral to be examine[d] by a[n] orthopedic and then and (MRI)." (*Id.*)

Adorno has attached a copy of an Inmate/Resident Grievance Form dated August 17, 2019, to his Complaint. The grievance form references the incident that is the subject of Adorno's Complaint, and indicates that Adorno was seen by the medical director, sent to the hospital, and his grievance issue was previously addressed. (*Id.* at 12.) Adorno has also attached two copies of "Special Needs Passes" to his Complaint, indicating that he was assigned the bottom bunk and an immobilizer/sling for his left arm. (*Id.* at 13-14.)

2

II.     **STANDARD OF REVIEW**

The Court will grant Adorno leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*  As Adorno is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III.    **DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

**A.  Claims Against George W. Hill Correctional Facility**

Adorno names the prison where he was housed, GWHCF, as a Defendant in this matter.  However, his claims against GWHCF must be dismissed because the facility "is not a legal entity susceptible to suit." *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459,

---

[2] However, as Adorno is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

3

2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws.").

### B. Claims Against GEO Group, Inc.

The claims Adorno seeks to pursue against GEO Group, Inc. must be dismissed pursuant to § 1915(e)(2)(B). GEO Group Inc., a private corporation under contract to provide services at GWHCF, may be liable under section 1983 if that entity's policies or customs caused the alleged constitutional violation. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). To assert a plausible claim under section 1983 against this type of entity, the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted).

Adorno has not tied any of the conduct or conditions of which he complains to a custom or policy of GEO Group, Inc., and has not alleged that GEO Group, Inc. failed to supervise, train, or discipline any individual involved in the deprivation of Adorno's rights. Accordingly, Adorno has not stated a plausible claim against GEO Group, Inc. and the claims against it must be dismissed. However, because the Court cannot say at this time that Adorno could never state a plausible claim based on a policy or custom, the claims will be dismissed without prejudice, and Adorno will be granted leave to file an amended complaint to attempt to cure the defects discussed above.

### C. Official Capacity Claims

Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . .

'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690, n. 55).  In other words, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*  Accordingly, the official capacity claim against the "Correctional Officer Working @ G.W.H.C.F, unit 7A on 8.17.19, 10:00 pm - 6:00 am" is essentially a claim against GEO Group, Inc.

Again, because nothing in the Complaint suggests that the claimed constitutional violations stemmed from a GEO Group, Inc. policy or custom, the Court will also dismiss Adorno's claims against the unnamed correctional officer in his official capacity.

### D. Individual Claims Against the Correctional Officer

Adorno has named "Correctional Officer Working @ G.W.H.C.F, unit 7A on 8.17.19, 10:00 pm - 6:00 am" as a Defendant but has made no substantive allegation concerning him or her.  Adorno is obligated to explain how each individual named as a Defendant was personally involved in the violation of his constitutional rights, whether due to the prison official's own misconduct or the official's deliberate indifference to known deficiencies in a policy or procedure that violated Adorno's rights.  *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015).  Because Adorno fails to mention this correctional officer in the body of his Complaint, he has not stated a basis for imposing liability against him or her.  Thus, Adorno's claims against this correctional officer are subject to dismissal at this time.

In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d

5

Cir. 2007) (quotations omitted); *see also Iqbal*, 556 U.S. at 676 (explaining that " [b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Adorno has made no allegations describing how the unidentified correctional officer was personally responsible for any alleged constitutional violations with respect to his medical care. Thus, the allegations are insufficient to put that person on notice to prepare a defense, and the Complaint does not ensure that the Court is sufficiently informed of the facts to determine the relevant legal issues.

Adorno should be mindful that in order to state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that a defendant was deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor' s attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Bearam v. Wigen*, 542 F. App'x 91, 92 (3d Cir. 2013) (per curiam) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)); *see also Montgomery v.*

6

*Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (per curiam) ("Delay or denial of medical care violates the Eighth Amendment where defendants are deliberately indifferent to a prisoner's serious medical need."). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Adorno should also be mindful that simple negligence is not a sufficient basis for a constitutional claim. *See Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property").

### E.  Claims Regarding Grievances

To the extent that Adorno alleges a violation of his rights with respect to the denial of his grievance, this Court notes that claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, any facts alleged by Adorno about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Adorno leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Adorno's claims against the George W. Hill Correctional Facility will be dismissed with prejudice. His claims against the GEO Group, Inc. and the "Correctional Officer Working @ G.W.H.C.F, unit 7A on 8.17.19, 10:00 pm - 6:00 am" will be dismissed without

7

prejudice because they are not plausible as alleged.  The Court cannot, however, state that Adorno can never allege plausible claims against the GEO Group, Inc. and the correctional officer in question.  Accordingly, Adorno will be permitted to file an amended complaint against these Defendants within thirty (30) days in the event he can state a plausible claim.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge